UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Aspire Commodities LP and Raiden | ) | |
| Commodities, LP | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-cv-01111 |
| | ) | |
| GDF-SUEZ Energy North America, Inc., | ) | JURY TRIAL DEMANDED |
| Ennis Power Company, LLC, Wise County | ) | |
| Power Company, LLC, Midlothian Energy, | ) | |
| LLC, Hays Energy, LLC, Wharton County | ) | |
| Generation, LLC, and Coleto Creek | ) | |
| Power, LP, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' OBJECTION TO DEFENDANTS' MOTION
FOR LEAVE TO FILE A REPLY**

Plaintiffs object to Defendants' request to file a reply brief.  Defendants proposed the briefing schedule for their Motion to Dismiss, which included enlarged briefs and did not provide for a reply brief.  Plaintiffs accepted Defendants' proposal and the Court entered an order reflecting the parties' agreement.  Defendants now want to renege on their proposal, after the parties' briefs have been filed and just three days before the pretrial conference.

Plaintiffs agreed to Defendants' proposed briefing schedule in part because Defendants did not propose to file a reply.  Had Defendants wanted to file a reply they could have and should have identified that desire as part of their proposed briefing schedule months ago, and they did not.  To allow Defendants to renege on the parties' agreement and file a reply, when a reply was not part of the parties' agreement or this Court's order entering the parties' agreed briefing schedule, just three days before the pretrial conference in this matter and after Defendants have

1

had Plaintiffs' Response to Defendants' Motion to Dismiss for 17 days, is unjust and unfair. Defendants' request to file a reply should be denied.

The chronology of events relevant to Defendants' Motion to Dismiss shows why they did not propose a reply brief and why the Court should not permit them to file one after the fact, in contravention of the parties' agreement and the Court's order:

1. Plaintiffs filed their original Complaint on April 22, 2014. Dkt. # 1.

2. Defendants sought leave to file a brief in support of a motion to dismiss that exceeded the Court's page limit. Dkt. # 4.

3. On June 17, 2014, the Court denied Defendants' request for an enlarged brief. Dkt. # 5.

4. Plaintiffs filed their First Amended Complaint on July 14, 2014. Dkt. # 10.

5. Just two days later, on or about July 16, Defendants informed Plaintiffs that they intended to move to dismiss Plaintiffs' First Amended Complaint and Defendants proposed a briefing schedule that included each party filing one brief in excess of the Court's page limit.  Defendant's proposal did not include them filing a reply brief. When describing the wisdom of their proposed schedule, Defendants told Plaintiffs the pretrial conference should be scheduled after Plaintiffs' response deadline "so that the Court has the full briefing prior to the conference."

6. In light of the Court's denial of Defendants' earlier request for an enlarged brief, Plaintiffs agreed to Defendants' briefing schedule in large part because it did not propose a reply from Defendants.  That is, given the Court's earlier ruling, Plaintiffs anticipated that a second request from Defendants for an enlarged brief might be

denied.  Plaintiffs, however, traded an agreement for enlarged briefs for the simple schedule Defendants proposed, with each party filing one brief.

7.   Defendants then drafted and filed (with Plaintiffs' agreement) a Joint Motion to Set Briefing Schedule and a proposed order that reflected the parties' agreement: each side would get one enlarged brief prior to the pretrial conference.  Dkt. # 12.

8.   Now Defendants want to renege on the parties' agreement and obtain relief from the briefing schedule they proposed, Plaintiffs accepted, and this Court ordered. The Court should not allow them that liberty.

Further, the two conclusory reasons Defendants identify in support of their request for a reply – Plaintiffs' citation to new facts and Plaintiffs' purportedly incorrect legal statements – do not justify Defendants' requested deviation from their proposed, agreed and ordered briefing schedule.

Plaintiffs assume Defendants' allegation of new facts refers to the text messages from a former Suez trader which Plaintiffs attached to their response to Defendants' Motion to Dismiss. But, the facts stated in those text messages are not new.  Plaintiffs alleged in their First Amended Complaint that (1) Suez traded on ICE; (2) Suez intended for its actions in ERCOT to manipulate ICE contract prices; (3) Suez was advised by outside consultants to cease its manipulative conduct; and (4) Suez's CEO made statements to those on Suez's trading desk that indicated Suez's intent to move the forward markets through its actions in ERCOT.  *See, e.g.*, FAC, ¶¶ 25, 26, 45-49, 273.  The only thing "new" revealed by the former trader's text messages is the concrete existence of the above facts in written form.[1]

---

[1] Defendants' position that these references are improper is curious given Defendants' repeated references to statements Plaintiffs' counsel made to the media in their Motion to Dismiss.  See Def. Br. at ¶¶ 2, 22, 44.

Nor are Defendants' attempts to distinguish the legal authority cited in Plaintiffs' opposition any basis for a reply brief. Disagreements over the weight of the parties' authority are expected and were absolutely foreseeable when Defendants proposed their briefing scheduling more than two months ago. Had Defendants wanted the last word on this issue, they should have requested that opportunity in their July 16 proposed and agreed briefing schedule. They did not do so at the time likely because they were most interested in obtaining an enlarged opening brief; but that was their decision to make, and the Court should not undo it for them.

That Defendants' proposed briefing schedule omitted reference to such a common request as a reply brief can only be as intentional and as part of the consideration offered to Plaintiffs for the right to file an enlarged brief in support of their Motion to Dismiss. Defendants should not be allowed to propose and obtain Plaintiffs' and this Court's agreement to a definite briefing schedule and then change that schedule for their benefit because in hindsight they want a better deal. Defendant's request for leave to file a reply brief should be denied.

WHEREFORE, Plaintiffs request that the Court deny Defendants' request to file a reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss, and for all other just and proper relief.

Respectfully submitted,

*/s/ Barrington M. Hammond, Jr.*

Barrington M. Hammond, Jr.
Attorney in Charge
Texas Bar No. 24059883
Federal ID No. 1338567
4801 Woodway Drive
Suite 300 East
Houston, Texas 77056
Telephone: (713) 570-6000
Fax: (832) 514- 7046
Email: barry@patelhammond.com

4

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was filed electronically via the Court's ECF system on this 23rd day of September, 2014.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ Barrington M. Hammond, Jr.